## THE TOLEDO EDISON CO v THE METROPOLITAN CASUALTY CO

Ohio Appeals, 6th Dist, Lucas Co
No. 2552. Decided June 22, 1931

Tracy, Chapman & Welles, Toledo, for The Toledo Edison Co.

Marshall, Melhorn, Marlar & Martin, Toledo, for the Metropolitan Casualty Co.

**LLOYD, J,**

Counsel for plaintiff and defendant have filed briefs which discuss at length all of the various phases of the problem presented, but the question before us simply is whether or not any facts are alleged in the second amended petition of plaintiff sufficient to withstand the attack of a general demurrer. It will be recalled that the second amended petition alleges that $756.49 of the amount for which plaintiff asks judgment "is for labor and material supplied for constructing said temporary lines and substations and for the installation and removal of said transformers," so that there can arise no contention as to this particular item not being a claim for "materials and labor." The facts as alleged in plaintiff's second amended petition are in effect, it seems to us, the same as those disclosed in the case of **Royal Indemnity Co. v Northern Ohio Granite & Stone Co., 100 Oh St, 373,** except that the contract in the latter case related to the construction for the City of Cleveland of a concrete floor for a viaduct instead of a dock for a private corporation. In the instant case it is alleged that by the general contract between The New York Central Railroad Company and The Newton-Baxter Company the latter company "agreed to construct a dock along the Maumee River for which The New York Central Railroad Company agreed to pay certain sums at specified times" which, broadly interpreted, means that The Newton-Baxter Company was to furnish whatever labor and materials were necessary in the construction of the dock.

Plaintiff also alleges that the bond of defendant was "conditioned upon the faithful performance by The Newton-Baxter Company of its obligations under said contract" and that it "should satisfy all claims and demands incurred in the performance of the contract and pay all persons who had contracts directly with The Newton-Baxter Company for labor and materials" and it will be observed that the portions of the contract between The Newton-Baxter Company and The New York Central Railroad Company quoted in the second amended petition of plaintiff and hereinabove set forth, specifically provide that The Newton-Baxter Company shall pay for all such labor or materials and also that it shall be held responsible "for the prompt payment of all labor, supplies and material furnished for any of the constructions embraced in this contract, whether such work is done directly by him or by any sub-contractor for him." It seems to us, therefore, that it appears as clearly in the one case as in the other, that the term of the bond intended that those furnishing labor and materials, although not parties thereto, should be the beneficiaries thereof. **Cleveland Window Glass & Door Co v National Surety Co, 118 Oh St, 414.** And the Supreme Court, in the case of The Royal Indemnity Co. v Northern Ohio Granite & Stone Co., supra, by expressing disapproval of the principle announced in the case of **Cleveland Metal Roofing & Ceiling Co. v Gaspard, 89 Oh St, 185,** having in effect declared that the mere fact that the contract is private rather than

public, will not change the application of the rule, we conclude that the Court of Common Pleas erred in sustaining the demurrer and that the judgment of that court must be reversed and the cause remanded thereto with directions to overrule the demurrer and for further proceedings according to law.

Reversed and remanded.

RICHARDS and WILLIAMS, JJ, concur.